UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DELAYNE M. T., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:21-CV-611-DWC <br><br> ORDER |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not err in evaluating the medical opinion evidence or Plaintiff's subjective testimony. Thus, the Court affirms the ALJ's decision.

ORDER - 1

FACTUAL AND PROCEDURAL HISTORY

On January 5, 2018, Plaintiff filed an application for DIB, followed by an application for SSI on January 17, 2018; Plaintiff alleged in both applications a disability onset date of January 1, 2016, later amending this date to January 1, 2017. *See* Dkt. 6; Administrative Record ("AR") 246–47, 248–55. The applications were denied upon initial administrative review and on reconsideration. *See* AR 83–84, 119–20. A hearing was held before ALJ M.J. Adams on May 26, 2020. *See* AR 45–82. In a decision dated June 30, 2020, the ALJ determined Plaintiff to be not disabled. *See* AR 20–42. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) evaluating Plaintiff's subjective testimony; and (2) evaluating the medical opinion evidence. Dkt. 9, p. 1.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

I. **Whether the ALJ Properly Considered Plaintiff's Subjective Symptom Testimony.**

Plaintiff asserts that the ALJ failed to give a clear and convincing reason for rejecting Plaintiff's subjective symptom testimony. Dkt. 9, pp. 9–13. To reject a claimant's subjective

complaints, the ALJ's decision must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. "[B]ecause subjective descriptions may indicate more severe limitations or restrictions than can be shown by medical evidence alone," the ALJ may not discredit a subjective description "solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

At the hearing, Plaintiff testified that she was let go from her last job due to attendance issues, which she blamed on extreme pain resulting from endometriosis and spinal issues. AR 58. She went on to state that even minimal activity could cause tachycardia and shortness of breath. AR 62. Plaintiff estimated that she could sit upright for no more than 20 minutes in an 8-hour day. AR 65–66. In addition, Plaintiff testified that she suffered from frequent panic attacks, particularly but not exclusively in social settings, and that she had exhausted all of her pain treatment options. AR 63. Finally, Plaintiff testified that she took a combination of prescription opiates and psychiatric medication daily and suffered from impaired memory and concentration. AR 61.

The ALJ reasoned that this testimony was inconsistent with (1) Plaintiff's employment history; (2) Plaintiff's non-compliance with treatment recommendations; and (3) objective medical evidence, including examination findings, spinal imaging, and treatment notes, since the alleged onset date. AR 29–30.

1    With respect to the ALJ's first reason, an ALJ may discount a claimant's symptom
2 testimony on the basis that the claimant's impairments "remained constant for a number of years
3 and . . . not prevented her from working over that time." *Gregory v. Bowen*, 844 F.2d 664, 667
4 (9th Cir. 1988). Here, the ALJ found that Plaintiff worked for many years in spite of allegedly
5 disabling impairments. For example, Plaintiff underwent laparoscopic surgeries for her
6 endometriosis in February 2013 and December 2014, and muscle response testing from 2015
7 showed that scar tissue was encroaching on her spinal root nerves. AR 28 (citing AR 423, 427).
8 At that time, and the years leading up to her alleged onset of disability, Plaintiff complained of
9 pelvic pain, back pain, shortness of breath, tachycardia, depression, and anxiety, for which she
10 took pain relief and psychiatric medications. *See* AR 29 (citing AR 439–444, 456, 575, 592). The
11 ALJ found that, despite these issues, Plaintiff remained gainfully employed as a customer service
12 clerk through the end of 2016. AR 29 (citing AR 72, 258, 288). Based on this evidence, it was
13 not unreasonable for the ALJ to conclude that Plaintiff was able to work at a substantial gainful
14 activity level for many years with her endometriosis, spinal impairments, and psychological
15 issues. *Gregory*, 844 F.2d at 667.
16    With respect to the ALJ's second reason, a claimant's "unexplained, or inadequately
17 explained, failure to seek treatment or follow a prescribed course of treatment" can undermine
18 her allegations. *Fair v. Bowen*, 885 F.2d 597, 603-04 (9th Cir. 1989). Here, the ALJ thoroughly
19 summarized abundant evidence in the record indicating that Plaintiff did not comply with pain
20 treatment medications. The ALJ found that Plaintiff's treating doctors routinely advised her to
21 taper off her usage of narcotic pain medications, and that in spite of this, Plaintiff would take
22 more than was prescribed. *See* AR 30 (citing AR 490–92, 497–98, 528–31). The ALJ found that
23 this pattern continued throughout the period at issue, despite Plaintiff being advised by a
24

gynecologist that her high dose of medication was hurting more than helping, and later being told that her reported degree of pain was much greater than anything endometriosis could cause and that her inactivity was exacerbating her symptoms. AR 30 (citing AR 625–26, 720, 730–32).

Plaintiff disputes this reasoning, but does not actually point to any evidence that the ALJ did not consider. Instead, she notes a single occasion in which Plaintiff's doctor merely advised her to try to taper her medication from eight doses of Percocet per day to seven. Dkt. 9, p. 11 (citing AR 471, 531). However, contrary to Plaintiff's claim, the ALJ considered this evidence and found that Plaintiff did not actually taper the amount of doses; indeed, in a 2020 evaluation cited by the ALJ, Plaintiff was prescribed a maximum of ten and one-half doses per day. AR 668. Plaintiff's assertion that the ALJ selectively relied on evidence to portray Plaintiff as a drug addict is unsupported. Dkt. 9, p. 11. The ALJ properly considered Plaintiff's non-compliance with pain treatment recommendations over time and relied on that consideration in discounting Plaintiff's pain testimony. *Fair*, 885 F.2d at 603–04. Plaintiff has not shown error.

Plaintiff's work history and non-compliance with treatment recommendations amounted to clear and convincing reasons, supported by substantial evidence, for discounting her symptom testimony. While the ALJ provided additional reasons for discounting this testimony, the Court need not address the ALJ's other reasons, as any error would be harmless. *See Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1197 (concluding that, even if the record did not support one of the ALJ's stated reasons for disbelieving claimant's testimony, any error was harmless).

**II. Whether the ALJ Properly Evaluated the Medical Opinion Evidence.**

Plaintiff assigns error to the ALJ's evaluation of a medical opinion from consultative examiner Mark Hawley, Ph.D., as well as the opinions of State agency medical consultants. Dkt. 9, p. 3.

**A. Medical Opinion Standard of Review**

The regulations regarding evaluation of medical evidence have been amended for claims protectively filed on or after March 27, 2017. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). As Plaintiff filed her claims for DIB and SSI on November 15, 2017, the ALJ applied the new regulations. *See* AR 21, 373.

In the new regulations, the Commissioner rescinded Social Security Regulation ("SSR") 06-03p and broadened the definition of acceptable medical sources to include Advanced Practice Registered Nurses (such as nurse practitioners), audiologists, and physician assistants. *See* 20 C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263. The Commissioner also clarified that all medical sources, not just acceptable medical sources, can provide evidence that will be considered medical opinions. *See* 20 C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263.

Additionally, the new regulations state the Commissioner "will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." *Revisions to Rules Regarding the Evaluation of Medical Evidence* (*Revisions to Rules*), 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68 (Jan. 18, 2017); *see also* 20 C.F.R. §§ 404.1520c (a), 416.920c(a). Instead, the Commissioner must consider all medical opinions and "evaluate their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.152c(c), 416.920c(c). The most

important factors are supportability and consistency. 20 C.F.R. §§ 404.152c(a), (b)(2), 416.920c(a), (b)(2).

Although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions." 20 C.F.R. §§ 404.1520c(a), (b)(1), 416.920c(a), (b)(1). The ALJ is specifically required to "explain how [he] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The Ninth Circuit currently requires the ALJ to provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester*, 81 F.3d at 830 (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the Ninth Circuit has held the medical opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830–31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

At this time, the Ninth Circuit has not issued a decision stating whether it will continue to require an ALJ to provide "clear and convincing" or "specific and legitimate reasons," or some variation of those standards, when analyzing medical opinions. Regardless, it is not clear the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations differs from the current Ninth Circuit standards in any significant respect. The new regulations require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b),

416.920c(a), (b). The new regulations appear to, at the least, require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Furthermore, the Court must continue to consider whether the ALJ's decision is supported by substantial evidence. *See* 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision.").

Therefore, based on the above considerations, the Court will determine whether the ALJ's decision is free of legal error and supported by substantial evidence.

**B. Opinion of Dr. Hawley**

Dr. Hawley examined Plaintiff on March 1, 2018, performing a clinical interview and mental status examination, and diagnosed Plaintiff with moderate depression, marked panic disorder with agoraphobia, and chronic pain syndrome. AR 612. In a functional assessment, Dr. Hawley stated that Plaintiff would be moderately impaired in her remote memory and ability to complete tasks in the home environment and mildly impaired in her ability to interact with coworkers and the public, maintain regular attendance in the workplace, and make typical workplace interpersonal demands. *Id.* In sum, Dr. Hawley opined that Plaintiff "is currently presenting with symptoms of depression and anxiety" that could "moderately impact the ability to be a dependable employee." *Id.*

The ALJ found this opinion only "somewhat persuasive," reasoning that "Dr. Hawley's opinions about [Plaintiff]'s ability to maintain and/or complete tasks are notabl[y] inconsistent internally, while also being without objective support." AR 33.

1    "When evaluating conflicting medical opinions, an ALJ need not accept the opinion of a
2    doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings."
3    *Bayliss*, 427 F.3d at 1216 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)). An
4    ALJ may also reject a medical opinion "if it is based 'to a large extent' on a claimant's self-
5    reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035,
6    1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir.
7    1999)). Here, the ALJ found that Dr. Hawley's mental status examination "found euthymic affect
8    despite the claimant's reports of impaired mood, along with pleasant and cooperative behavior,
9    normal speech, logical thought process, unimpaired memory, and unimpaired concentration[,]"
10   and thus, Dr. Hawley had "no objective support for his inconsistent opinions of limitations with
11   dependability and consistency." AR 33 (citing AR 609–13).
12       The ALJ relied on substantial evidence in finding the opinion on limitations to be without
13   objective support. Dr. Hawley's opinion was based to a large extent on Plaintiff's self-reports.
14   Dr. Hawley did not review any of Plaintiff's records and, throughout much of the evaluation,
15   wrote that "[Plaintiff] indicated" and "[Plaintiff] reported" the information contained therein. *See*
16   AR 609–612. The ALJ correctly found that the mental status examination yielded entirely
17   normal results. AR 611. Plaintiff argues that the ALJ "cherry-pick[ed]" Dr. Hawley's findings,
18   but points only to Dr. Hawley's opinion that Plaintiff's remote memory was "mildly impaired."
19   Dkt. 9, p. 6; AR 612. Yet the ALJ did not ignore this finding but, rather, accepted it, stating that
20   Dr. Hawley found "mild or no memory impairment." AR 33.
21       Accordingly, because Dr. Hawley's opinion was based largely on Plaintiff's self-reports
22   and because the ALJ properly discounted Plaintiff's testimony, the ALJ did not err in
23   discounting Dr. Hawley's opinion.
24

**C. Opinions of Non-Examining Medical Consultants**

On March 9, 2018, non-examining medical consultant Dan Donahue, Ph.D., opined that Plaintiff could be expected to suffer occasional lapses in attention, attendance, concentration, persistence, and pace due to her mental health symptoms, "but not at a level that precludes productive work activity." AR 98, 115. On August 18, 2018, another non-examining medical consultant, Bruce Eather, Ph.D., opined that Plaintiff's concentration, persistence, and pace were "diminished at times due to depression, anxiety, and pain affecting focus. However, [Plaintiff] would be able to complete tasks over a normal 8-hour workday with customary breaks." AR 134, 151. The ALJ found these opinions "somewhat persuasive," finding both to indicate that Plaintiff had "limitations in concentration and persistence that did not significantly limit competitive employment." AR 33.

Plaintiff contends the ALJ "fail[ed] to account for [Drs. Donahue and Eather's] moderate limitation on [her] ability to maintain pace." Dkt. 9, p. 8. Yet the ALJ did not fail to account for this limitation but, rather, found Drs. Donahue and Eather "essentially opined . . . limitations in concentration and persistence that did not significantly limit competitive employment." AR 33. This finding is supported by Drs. Donahue and Eather's opinions. AR 109, 146. Indeed, Plaintiff does not identify conflicts any conflicts between these doctors' opinions and the ALJ's residual functional capacity assessment. *See* Dkt. 9, p. 8. Because the ALJ properly determined that this "moderate" limitation in pace did not translate into a significant functional limitation, Plaintiff has not identified a conflict for the Court to resolve.

"Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *See Thomas v. Barnhart,* 278 *F.3d 947, 954 (9th Cir. 2002) (citing Morgan,* 169 F.3d at 599). Although the evidence herein

may be susceptible to more than one rational interpretation, this Court will not disturb the ALJ's conclusion, which was supported by substantial evidence.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice.

Dated this 31st day of January, 2022.

*[signature]*

David W. Christel
United States Magistrate Judge